**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**ANDREW JOSEPH CHAMPION,**

                **Plaintiff,**

vs.                                            9:18-CV-1498
                                                      (MAD/ML)

**MICHAEL KIRKPATRICK,**
*Superintendent of Clinton Correctional Facility*, **et al.,**

                **Defendant.**

---

**APPEARANCES:**                                **OF COUNSEL:**

**JACOB FUCHSBERG LAW FIRM**        **EDWARD HYNES, ESQ.**
3 Park Avenue                                  **WALTER OSUNA, ESQ.**
37th Floor
New York, New York 10016
Attorneys for Plaintiff

**NEW YORK STATE ATTORNEY**         **ANDREW W. KOSTER, AAG**
**GENERAL - ALBANY**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff, an inmate in the custody of the Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that Defendants violated his constitutional rights in connection with his confinement at Clinton Correctional Facility in January 2018. *See* Dkt. No. 1 at 7. On March 18, 2019, Defendant Michael Kirkpatrick ("Defendant Kirkpatrick") filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 11.

Plaintiff opposed Defendant's motions to dismiss and filed a cross-motion to amend his complaint, submitting a proposed amended complaint in support of his motion. *See* Dkt. No. 18. Presently before the Court is Defendant Kirkpatrick's motion to dismiss the complaint in its entirety, as well as Plaintiff's cross motion to amend his complaint. *See* Dkt. Nos. 11, 18.

## II. BACKGROUND

On December 28, 2018, Plaintiff commenced this action alleging violations of his Eighth and Fourteenth Amendment rights. *See* Dkt. No. 1. Specifically, Plaintiff alleges that, on January 2, 2018, he was attacked in his cell by a fellow inmate at the direction of or under the supervision of corrections staff, and that corrections staff failed to intervene to stop the attack. *See* Dkt. No. 1 at 7-8. Plaintiff alleges that a corrections officer identified in the original complaint as "C.O. L," knowingly condoned gang activity within the prison. *See id*. at ¶ 9. According to Plaintiff, inmates who were members of this gang would receive preferential treatment and benefits in exchange for completing tasks for C.O. L. *See id*.

On the day of his attack, Plaintiff alleges that he was laying asleep in his cell in the early morning hours when his cell door opened and he was repeatedly hit with a heavy object contained within a white sock. *See id*. at ¶ 14. Plaintiff claims that C.O. L was present during the assault and did not attempt to intervene. *See id*. As a result of the attack, Plaintiff required hospitalization and suffered extensive injuries. *See id*. at ¶¶ 17-26. According to Plaintiff, the attack occurred during a time in which cell doors remain locked unless corrections staff open the gate to a designated cell from an area accessible only to corrections officers. *See id*. at ¶ 13. Plaintiff claimed that his assault was ordered by C.O. L, and was condoned by Defendant Kirkpatrick and a variety of unnamed corrections officers. *See id*. at ¶¶ 23-24.

In his original complaint, Plaintiff alleged four causes of action: (1) violation of his Eighth Amendment rights, (2) common law assault and battery, (3) common law negligent hiring, and (4) common law negligence. *See* Dkt. No. 1. Plaintiff claimed that his injuries were the direct result of Defendants' failure to maintain a safe and secure facility, failure to intervene to protect inmates, and failure to accurately report the source of the injury thus inhibiting timely and appropriate medical diagnosis and care. *See id*. at ¶ 27. Plaintiff alleged that Defendant Kirkpatrick, as an individual with decision-making authority at Clinton Correctional Facility, caused and/or contributed to Plaintiff's injuries by enabling attacks on inmates and contributing to a culture of deliberate indifference to the medical well-being of prisoners. *See id*. at ¶¶ 43-44. On March 18, 2019, Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted, arguing that: (1) Plaintiff failed to allege personal involvement of Defendant Kirkpatrick in any of his claims, (2) Plaintiff's medical indifference claim fails as a matter of law, and (3) Plaintiff's state law claims should be dismissed as they are barred by New York Corrections Law Section 24. *See* Dkt. No. 11 at 5, 8, 10.

On July 1, 2019, Plaintiff filed a memorandum of law in opposition to Defendant's motion to dismiss the complaint and cross-moved for leave to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Dkt. No. 18-2. In the proposed amended complaint, Plaintiff removes Defendant Kirkpatrick as a defendant, removes the medical indifference and state law claims, and identifies previously unidentified defendants. *See* Dkt. No. 18-2 at 4. Plaintiff alleges the same factual basis surrounding his attack, but identifies C.O. L, the corrections officer who ordered and/or failed to intervene in the attack, as Corrections Officer Garrett P. Labare ("Defendant Labare"). *See* Dkt. No. 18-6 at ¶ 25. Plaintiff further alleges in his amended complaint that during an investigation into the attack on Plaintiff, Sergeant Bruce R.

Shutts ("Sergeant Shutts") and Sergeant Robert M. Duquette ("Sergeant Duquette") knowingly falsified an incident report in order to conceal the source of Plaintiff's injuries. *See id*. at ¶ 30. It is through this conduct that Plaintiff alleges Sergeants Shutts and Duquette were grossly negligent in the supervision of their subordinates. *See* Dkt. No. 18-6 at ¶¶ 57, 96-97. Plaintiff also alleges that by allowing an assault to occur and attempting to conceal the assault, Sergeants Shutts and Duquette, as individuals having policy-making authority, contributed to a policy, practice, or custom that allowed inmates to assault fellow inmates. *See id*. at ¶¶ 61-64. By failing to change such a custom, Plaintiff alleges that Sergeants Shutts and Duquette were a proximate cause of the violation of Plaintiff's constitutional rights. *See id*. at ¶¶ 100-103. For the following reasons, Plaintiff's motion to amend his complaint is granted and Defendant Kirkpatrick's motion to dismiss is denied as moot.

### III. DISCUSSION

**A.    Legal Standard**

According to Rule 15 of the Federal Rules of Civil Procedure, when unable to amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave will only be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment of a pleading is considered "futile" when the proposed new claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Ricciuti v. N.Y.C. Transit Auth.*,

4

941 F.2d 119, 123 (2d Cir. 1991); *see also Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 468 (E.D.N.Y. 1998), *aff'd*, 205 F.3d 1327 (2d Cir. 2000).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id*. at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id*. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of "entitlement to relief."'" *Id*. (quoting [*Twombly*, 550 U.S.] at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id*. at 570.

**B.     Motion to Amend[1]**

*1. Undue Delay*

In general, "permission to amend should be freely granted." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (citing *Foman*, 371 U.S. at 182). Courts may deny a party's motion for leave to amend a pleading "where the motion is made after an inordinate delay." *Id.* "When a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." *Id*. (citations omitted). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (citations omitted).

Here, Plaintiff filed his motion to amend expeditiously after receiving documentation necessary to identify specific defendants. *See* Dkt. No. 18-2 at 7. Additionally, Plaintiff's motion to amend was filed less than six months after the original complaint was served. *See* Dkt. Nos. 1, 18. Courts in the Second Circuit have found that similar and even longer delays are insufficient to warrant denial of leave to amend. *See, e.g., Middle Atlantic Utilities Co. v. S.M.W. Development Corp.*, 392 F.2d 380, 384 (2d Cir. 1968) (holding that a three year delay from the

---

[1] Since an analysis of Defendant Kirkpatrick's motions to dismiss is intertwined with an analysis of Plaintiff's motion to amend, the Court will frame its analysis around Plaintiff's motion to amend, and address the legal arguments asserted in Defendants' motion to dismiss below.

6

filing of the initial complaint was a factor to be considered but, in the absence of bad faith or prejudice to the opposing party, delay alone was insufficient to deny relief); *see also Catapano v. Western Airlines, Inc.*, 105 F.R.D. 621, 623 (E.D.N.Y. 1985) (stating that a period of one year between the plaintiff's filing of the original complaint and the plaintiff's motion to amend is not enough to constitute undue delay). Based on the foregoing, the Court finds that, because the motion to amend has been made relatively early in the proceedings, there has been no undue delay in seeking the amendment.

### 2. Bad Faith

Under Rule 15(a), a moving party's dilatory motive or bad faith can also provide a basis for a court's denying that party's motion to amend a pleading. *See Am. Med. Ass'n v. United Healthcare Corp.*, No. 00-CV-2800, 2006 WL 3833440, *4 (S.D.N.Y. July 24, 2008) (citing *Foman*, 371 U.S. at 182). Here, the proposed amended complaint does not allege a new and distinct set of factual allegations, but rather arises out of the same nucleus of operative facts set out in the original pleading. *See* Dkt. Nos. 1, 18-6. Under Rule 15(a), "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Further, the central focus of Plaintiff's request for relief – an award of damages for the injuries he suffered due to Defendants' deliberate indifference – remains unchanged in his proposed amended complaint. *See* Dkt. No. 18-6 at 33. Rather, Plaintiff seeks leave to amend only to cure deficiencies in his original complaint. In light of this, the Court finds that Plaintiff's cross motion to amend is not being made in bad faith or with a dilatory motive.

### 3. Undue Prejudice to Defendants

A party's motion for leave to amend the pleadings may be denied when the proposed

amendment would cause undue prejudice to the nonmoving party. *See Foman*, 371 U.S. at 182. The burden is on the party opposing the motion to establish that "'granting such leave would be unduly prejudicial.'" *Breyette v. Amedore*, 205 F.R.D. 416, 418 (N.D.N.Y. 2002) (citing *State of New York v. Panex Indus., Inc.*, No. 94–CV–0400E, 1997 WL 128369, *2 (W.D.N.Y. Mar. 14, 1997)). In determining what constitutes prejudice, courts consider whether the assertion of the new claim would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Id*. (citation and internal quotations omitted).

Here, Defendant Kirkpatrick has not alleged that granting leave to amend would be unduly prejudicial. Additionally, the Court finds that, because the motion to amend has been made at a relatively early stage of the proceeding (*i.e.*, less than six months after service of the original complaint and before discovery has commenced), and Defendant Kirkpatrick was on notice of the facts supporting the proposed amended complaint, the newly identified Defendants will not suffer undue prejudice as a result of the amendment.

### 4. Futility

"In addition to undue delay, bad faith, and undue prejudice, a court may exercise its discretion to deny a party's motion to amend a pleading when the proposed amendment would be futile." *Am. Med. Ass'n*, 2006 WL 3833440, at *7 (citing *Foman*, 371 U.S. at 182). An amendment is considered futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive such a motion, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual

"heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (quotation omitted).

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (quoting 42 U.S.C. § 1983). Not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained. *See Brown v. Coughlin*, 758 F. Supp. 876, 881 (S.D.N.Y. 1991) (citing *Martinez v. California*, 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. 2d 481, *reh. denied*, 445 U.S. 920, 100 S. Ct. 1285, 63 L. Ed. 2d 606 (1980)). As such, for a plaintiff to recover in a Section 1983 action, he must establish a causal connection between the acts or omissions of each defendant and any injury or damages he suffered as a result of those acts or omissions. *See id.* (citing *Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979)) (other citation omitted).

Plaintiff's proposed amended complaint alleges that Defendant Labare directly participated in the alleged constitutional violations. *See* Dkt. No. 18-6 at ¶ 95. Specifically, Plaintiff alleges that Defendant Labare allowed other inmates to access Plaintiff's cell to assault him, that the assault occurred under Defendant Labare's direction and/or supervision, and that Defendant Labare made no attempt to stop the attack despite having sufficient opportunity to intervene. *See* Dkt. No. 18-2 at 10; Dkt. No. 18-6 at ¶ 95. The Court finds that these allegations sufficiently allege a causal connection between the acts of Defendant Labare and Plaintiff's injuries, thereby presenting claims that are plausible on their face. *See Twombly*, 550 U.S. at 557.

"To establish the liability of a supervisory official under § 1983, a plaintiff must show the defendant's personal involvement in the alleged constitutional violations." *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (citation omitted). The Second Circuit has held that supervisory liability pursuant to Section 1983 can be shown in one or more of the following ways:

> (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

*Id*.

Here, the proposed amended complaint alleges with sufficient specificity the actions taken by Sergeants Shutts and Duquette that expose them to liability. Specifically, Plaintiff alleges that Sergeants Shutts and Duquette were aware of the practice of corrections officers that allowed inmates to assault other inmates and, by attempting the conceal the cause of Plaintiff's injuries, allowed this practice to continue. *See* Dkt. No. 18-2 at 10; Dkt. No. 18-6 at ¶¶ 96-97. Thus, Plaintiff's pleadings as against Sergeants Shutts and Duquette present claims that are plausible on their face. Accordingly, the Court finds that Plaintiff's proposed amendments to his complaint would survive a motion to dismiss and, thus, are not futile. As discussed, the Court finds that Plaintiff's request for leave to amend his complaint was made in good faith and that granting his request would not result in undue delay or prejudice to Defendants. Accordingly, the Court grants Plaintiff's motion to amend.

In Defendant Kirkpatrick's motion to dismiss, Defendant Kirkpatrick argues that Plaintiff's complaint should be dismissed in its entirely because Plaintiff failed to allege personal involvement of Defendant Kirkpatrick in any of his claims, Plaintiff's medical indifference claim

fails as a matter of law, and Plaintiff's state law claims are barred by New York Corrections Law Section 24. *See* Dkt. No. 11 at 5, 8, 10. The amended complaint removes Defendant Kirkpatrick as a defendant and omits the medical indifference and state law claims. *See* Dkt. No. 18-5 at 30-43. Thus, Defendant Kirkpatrick's motion is denied as moot.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's cross motion for leave to amend (Dkt. No. 18) is **GRANTED**; and the Court further

**ORDERS** that Defendants' motions to dismiss (Dkt. No. 11) is **DENIED as moot**; and the Court further

**ORDERS** that Defendant Kirkpatrick is **DISMISSED** from this action; and the Court further

**ORDERS** that Plaintiff is directed to file his amended complaint **within ten (10) days** of the filing of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 17, 2019
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge